Michael Faillace [MF-8436]
Michael Faillace Esq.
60 East 42nd Street, Suite 4510
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------------------X
ALVINO MENDOZA MARTINEZ, *individually and on behalf of others similarly situated,*

                 *Plaintiff,*

            -against-

COMPLETE PRO PAINTING LLC(d/b/a COMPLETE PRO PAINTING), FRANK RUSSO, and JOHN DOE

                 *Defendants.*
------------------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Alvino Mendoza Martinez individually and on behalf of others similarly situated ("Plaintiff Mendoza"), by and through his attorneys, Michael Faillace Esq., alleges upon information and belief, and as against each of Defendants Complete Pro Painting LLC(d/b/a "Complete Pro PAINTING") ("Defendant Corporation"), Frank Russo, and John Doe("Individual Defendants"), (collectively, "Defendants"), as follows:

## NATURE OF ACTION

1. Plaintiff Mendoza is a former employee of Defendants Complete Pro Painting LLC(d/b/a "Complete Pro Painting") Frank Russo and John Doe.

2. Complete Pro Painting is a painting company with its main office located at 330 Mounts Corner Dr., Freehold, New Jersey, 07728.

3. Upon information and belief, Defendants Frank Russo and John Doe serve or served as owners, managers, principals or agents of Defendant Corporation and through this corporate entity operate the painting company.

4. Plaintiff Mendoza was a former employee of Defendants.

5. Plaintiff Mendoza worked at Defendants' painting company, where his duties consisted of painting in Staten Island, New York.

6. Plaintiff Mendoza regularly worked for Defendants in excess of 40 hours per week, without appropriate overtime compensation for any of the hours that he worked over 40 in a week.

7. Rather, Defendants failed to maintain accurate recordkeeping of his hours worked, and failed to pay Plaintiff Mendoza appropriately for any hours worked over 40.

8. Defendants' conduct extended beyond Plaintiff Mendoza to all other similarly situated employees.

9. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Mendoza and other employees to work in excess of forty (40) hours per week without providing them the overtime compensation required by federal and state law and regulations.

10. Plaintiff Mendoza now brings this action on behalf of himself, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), the New York Labor Law ("NYLL") §§190 and 650 *et seq.*, and "overtime wage order" respectively codified at N.Y.C.R.R. Tit. 12 §§ 142-2.2, 2.4), including applicable liquidated damages, interest, attorneys' fees and costs.

11. Plaintiff Mendoza seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1531 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff Mendoza's state law claims is conferred by 28 U.S.C. § 1367(a).

13. Venue is proper in this district under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiff Mendoza was employed by Defendants in this district.

## PARTIES

*Plaintiff*

14. Plaintiff Alvino Mendoza Martinez ("Plaintiff Mendoza" or "Mr. Mendoza") is an adult individual residing in Staten Island County, New York.

15. Plaintiff Mendoza was employed by Defendants from approximately July 2018 until on or about October 31, 2024. At all relevant times to this complaint, Plaintiff Mendoza was employed by Defendants as a painter in Staten Island, New York.

16. Plaintiff Mendoza consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

3

17. Defendants own, operate, and/or control a painting company located at 330 Mounts Corner Dr., Freehold, New Jersey, 07728.

18. Upon information and belief, Complete Pro Painting LLC (Defendant Corporation) is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 330 Mounts Corner Dr., Freehold, NJ, 07728.

19. Defendant Frank Russo is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Frank Russo is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation. Defendant Frank Russo possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation. Defendant Frank Russo determined the wages and compensation of the employees of Defendants, including Plaintiff Mendoza, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

20. Defendant John Doe is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

21. Defendant John Doe is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation. Defendant John Doe possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation. Defendant John Doe determined the wages and compensation of the employees of Defendants, including Plaintiff Mendoza,

established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS
*Defendants Constitute Joint Employers*

22. Defendants operate a painting company that performs work in Staten Island New York.

23. Individual Defendants Frank Russo and John Doe possess operational control over Defendant Corporation, possess an ownership interest in Defendant Corporation and control significant functions of Defendant Corporation.

24. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method and share control over the employees.

25. Each Defendant possessed substantial control over Plaintiff Mendoza's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Mendoza, and all similarly situated individuals, referred to herein.

26. Defendants jointly employed Plaintiff Mendoza, and all similarly situated individuals, and are Plaintiff Mendoza's (and all similarly situated individuals) employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

27. In the alternative, Defendants constitute a single employer of Plaintiff Mendoza and/or similarly situated individuals.

5

28. Upon information and belief, individual Defendants Frank Russo and John Doe operate Defendant Corporation as either an alter ego of themselves, and/or fail to operate Defendant Corporation as a legal entity separate and apart from themselves by, among other things:

(a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a separate and legally distinct entity;

(b) defectively forming or maintaining Defendant Corporation, by among other things failing to hold annual meetings or maintaining appropriate corporate records;

(c) transferring assets and debts freely as between all Defendants;

(d) operating Defendant Corporation for their own benefit as the sole or majority shareholders;

(e) operating Defendant Corporation for their own benefit and maintaining control over it as a closed corporation or closely controlled entity;

(f) intermingling assets and debts of their own with Defendant Corporation;

(g) diminishing and/or transferring assets of Defendant Corporation to protect their own interests; and

(h) other actions evincing a failure to adhere to the corporate form.

29. At all relevant times, Defendants were Plaintiff Mendoza's employers within the meaning of the FLSA and NYLL.

30. Defendants had the power to hire and fire Plaintiff Mendoza, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff Mendoza's services.

6

31. In each year from 2019 until 2024, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

32. In addition, upon information and belief, Defendants and/or their enterprises were directly engaged in interstate commerce. For example, numerous items that were used in the regular painting and installation work on a daily basis were produced outside of the State of New York.

*Individual Plaintiff*

33. Plaintiff Mendoza is a former employee of Defendants, primarily employed in performing the duties of a painter in Staten island, New York.

34. Plaintiff Mendoza seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Alvino Mendoza Martinez*

40. Plaintiff Mendoza was employed by Defendants from approximately July 2018 until October 31, 2024.

41. At all relevant times, Plaintiff Mendoza was employed by Defendants as a painter in Staten Island, New York.

42. Plaintiff Mendoza regularly handled goods in interstate commerce necessary to perform his work, including paint brushes, hammers, wood and specialized tools produced outside of the State of New York.

43. Plaintiff Mendoza's work duties required neither discretion nor independent judgment.

7

44. Throughout his employment with Defendants, Plaintiff Mendoza regularly worked in excess of 40 hours per week.

45. From approximately March 2019 until on or about October 31, 2024, Plaintiff Mendoza worked from approximately 8:00 a.m. until on or about 4:30 p.m. Mondays through Saturdays three weeks per month (typically 48 hours per week).

46. From approximately March 2019 until on or about October 2024, Plaintiff Mendoza worked from approximately 8:00 a.m. until on or about 4:30 p.m. Mondays through Sundays one week per month (typically 56 hours per week).

47. Throughout his employment with defendants, Plaintiff Mendoza was paid his wages in cash.

48. From approximately March 2019 until on or about December 2019, Plaintiff Mendoza was paid a fixed salary of $145 per day.

49. From approximately January 2020 until on or about December 2020, Plaintiff Mendoza was paid a fixed salary of $150 per day.

50. From approximately January 2021 until on or about December 2021, Plaintiff Mendoza was paid a fixed salary of $155 per day

51. From approximately January 2022 until on or about December 2022, Plaintiff Mendoza was paid a fixed salary of $160 per day.

52. From approximately January 2023 until on or about December 2023, Plaintiff Mendoza was paid a fixed salary of $165 per day.

53. From approximately January 2024 until on or about October 31, 2024, Plaintiff Mendoza was paid a fixed salary of $170 per  day.

54. Defendants did not provide Plaintiff Mendoza with an accurate statement of wages with each payment of wages, as required by NYLL 195(3).

55. Plaintiff Mendoza was not required to keep track of his time, nor to his knowledge did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

56. Defendants never provided Plaintiff Mendoza with a written notice, in English and in Spanish (Plaintiff Mendoza's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

57. No notification, either in the form of posted notices, or other means, was ever given to Plaintiff Mendoza regarding overtime and wages under the FLSA and NYLL.

58. Defendants required Plaintiff Mendoza to purchase "tools of the trade" with his own funds—including 10 protective masks per month, 1 package of gloves per month, 1 pair of protective eyeglasses per month, 1 pair of special shoes per year and 3 handles per year.

*Defendants' General Employment Practices*

59. Defendants regularly required Plaintiff Mendoza to work in excess of forty (40) hours per week without paying him the proper overtime wages.

60. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Mendoza (and all similarly situated employees) to work in excess of forty (40) hours per week without paying him appropriate overtime compensation, as required by federal and state laws.

61. Plaintiff Mendoza was paid his wages in cash.

62. Defendants willfully disregarded and purposefully evaded record keeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

63. By employing this practice, Defendants avoided paying Plaintiff Mendoza at the overtime rate of time and a half for most or all of his hours worked in excess of forty (40) hours per week.

64. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Mendoza (and similarly situated individuals) worked, and to avoid paying Plaintiff Mendoza properly for his full hours worked.

65. Defendants failed to post required wage and hour posters in Plaintiff Mendoza's work areas, and did not provide Plaintiff Mendoza with statutorily required wage and hour records or statements of pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff Mendoza's relative lack of sophistication in wage and hour laws.

66. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Mendoza (and similarly situated individuals) worked, and to avoid paying Plaintiff Mendoza properly for (1) his full hours worked and (2) for overtime due.

67. Defendants failed to provide Plaintiff Mendoza and other employees with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week,

salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked, as required by NYLL §195(3).

68. Defendants failed to provide Plaintiff Mendoza and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language of Spanish, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

69. Plaintiff Mendoza brings his FLSA overtime wages, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants, or any of them, on or after the date that is three years before the filing of the complaint in his case (the "FLSA Class Period"), as employees of Bonilla & Sons Inc. Painting (the "FLSA Class").

70. At all relevant times, Plaintiff Mendoza and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs,

procedures, protocols and plans of willfully failing and refusing to pay them the required overtime pay of one and one-half times his regular rates for work in excess of forty (40) hours per workweek under the FLSA, willfully taking improper wage deductions and other improper credits against Plaintiff Mendoza's wages for which Defendants did not qualify under the FLSA, and willfully failing to keep records required by the FLSA.

71. The claims of Plaintiff Mendoza stated herein are similar to those of the other employees.

### FIRST CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA)

72. Plaintiff Mendoza repeats and realleges all paragraphs above as though fully set forth herein.

73. At all times relevant to this action, Defendants were Plaintiff Mendoza's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Mendoza (and the FLSA class members), control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for his employment.

74. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

75. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

76. Defendants, in violation of the FLSA, failed to pay Plaintiff Mendoza (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate

of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

77. Defendants' failure to pay Plaintiff Mendoza (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

78. Plaintiff Mendoza (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK STATE LABOR LAW)

76. Plaintiff Mendoza repeats and realleges all paragraphs above as though fully set forth herein.

77. Defendants, in violation of the NYLL and associated rules and regulations, failed to pay Plaintiff Mendoza overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of N.Y. Lab. Law § 190 *et seq*. and supporting regulations of the New York State Department of Labor.

78. Defendants' failure to pay Plaintiff Mendoza overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

79. Plaintiff Mendoza was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### (VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW)

80. Plaintiff Mendoza repeats and realleges all paragraphs above as though fully set forth herein.

81. Defendants failed to provide Plaintiff Mendoza with a written notice, in English

and in Spanish (Plaintiff Mendoza's primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

82. Defendants are liable to Plaintiff Mendoza in the amount of $5,000, together with costs and attorney's fees.

**FOURTH CAUSE OF ACTION**
**(VIOLATION OF THE WAGE STATEMENT PROVISIONS**
**OF THE NEW YORK LABOR LAW)**

83. Plaintiff Mendoza repeats and realleges all paragraphs above as though set forth fully herein.

84. Defendants did not provide Plaintiff Mendoza with wage statements upon each payment of wages, as required by NYLL 195(3).

85. Defendants are liable to Plaintiff Mendoza in the amount of $5,000, together with costs and attorney's fees.

**FIFTH CAUSE OF ACTION**
**(RECOVERY OF EQUIPMENT COSTS)**

86. Plaintiff Mendoza repeats and re-alleges all paragraphs above as though set forth fully herein.

87. Defendants required Plaintiff Mendoza to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, such as non-slipping shoes, further reducing his wages in violation of the FLSA and NYLL. 29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

88. Plaintiff Mendoza was damaged in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Mendoza respectfully request that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiff Mendoza in the FLSA claims in this action;

(b) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Mendoza and the FLSA class members;

(c) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Mendoza's, and the FLSA class members', compensation, hours, wages, and any deductions or credits taken against wages;

(d) Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff Mendoza and the FLSA class members;

(e) Awarding Plaintiff Mendoza and the FLSA class members damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA, as applicable;

(f) Awarding Plaintiff Mendoza and the FLSA class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Mendoza and the members of the FLSA Class;

(h) Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Mendoza's, and the FLSA Class members', compensation, hours, wages; and any deductions or credits taken against wages;

(i) Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff Mendoza and the FLSA Class members;

(j) Awarding Plaintiff Mendoza and the FLSA class members damages for the amount of unpaid overtime wages as well as damages for any improper deductions or credits taken against wages;

(k) Awarding Plaintiff Mendoza damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(l) Awarding Plaintiff Mendoza and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(m) Awarding Plaintiff Mendoza and the FLSA class members pre-judgment and post-judgment interest as applicable;

(n) Awarding Plaintiff Mendoza and the FLSA class members the expenses incurred in this action, including costs and attorney's fees;

(o) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no

16

appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(p)     All such other and further relief as the Court deems just and proper.

Dated: New York, New York
March 21, 2025

                                  MICHAEL FAILLACE Esq.

                                  _____/s/ Michael Faillace_____
By:    Michael A. Faillace [MF-8436]
        60 East 42nd Street, Suite 2540
        New York, New York 10165
        (212) 317-1200
        *Attorneys for Plaintiff*